UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHNNIE BROWN,

    Plaintiff,

v.

D. M. MANTEL and T. VARIZ,

    Defendants.
                                /

No. C 06-1597 PJH (PR)

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

This is a civil rights case filed pro se by a state prisoner. Plaintiff contends that defendants, appeals coordinators who answer prisoner grievances, failed to cause his legal materials to be returned to him in time for him to use them in a pending habeas case. Defendants have now filed a motion to dismiss in which they contend that plaintiff failed to exhaust administrative remedies. Plaintiff has opposed the motion and defendants have replied. The motion is ready for ruling.

**DISCUSSION**

**I.    Background**

In his complaint plaintiff alleged that his legal materials were put into storage at Salinas Valley State Prison on January 16, 2003, while he was away from the prison on a temporary transfer. At that time he had a habeas petition pending in the United States District Court for the Eastern District of California. The transfer ceased to be temporary, however, and over the next two years or so he was transferred from one prison to another without being able to retrieve his papers. He alleges that he filed several administrative appeals (grievances) which were ignored by defendants, and that even after relief was ordered at the director's level, defendants failed to provide it.

Plaintiff alleges that as a result of not having his papers he was unable to object to a magistrate judge's report and recommendation in his habeas case, because he was unable to determine what evidence was meant by citations to the record in the report and recommendation, and that he was unable to make a showing of an arguable violation of his constitutional rights in order to obtain a certificate of appealability.  His papers were eventually found and returned to him, but it was too late.

## II.     Exhaustion

### A.     Standard

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory.  *Porter v Nussle*, 122 S. Ct. 983, 988 (2002).  All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  *Id.* (citation omitted).  Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  *Id.*; *Booth v Churner*, 532 U.S. 731, 741 (2001).  Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  *Porter*, 122 S. Ct. at 992.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers.  *See id.* § 3084.1(e).  In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second

level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *See id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). A final decision at the director's level satisfied the exhaustion requirement under § 1997e(a). *Id.* at 1237-38.

Nonexhaustion under § 1997e(a) is an affirmative defense. *Wyatt v Terhune*, 315 F.3d 1108, 1119 (9th Cir 2003). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." *Id.* (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice. *Id.* at 1120.

**B.    Analysis**

Defendants contend that plaintiff's administrative appeal which gave rise to this suit – the one in which defendants allegedly failed to take prompt-enough action to get plaintiff's legal materials back to him – was not sufficient to exhaust because plaintiff did not pursue it to the third and final level after his legal materials were returned, and that the grievance did not specifically complain about legal papers.

Plaintiff has no constitutional right to a grievance process or any constitutional right to an answer or to any particular answer to his grievances. *Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991) (although there certainly is a right to petition government for redress of grievances (a First Amendment Right), there is no right to a response or any particular action). Hence plaintiff's only cognizable claim is that defendants hindered his access to the courts – that defendants' failure to order that his legal papers be returned to him violated his right to access to the court to litigate his habeas case. That is the claim that plaintiff had to exhaust. When this is borne in mind, it is clear that defendants are right – plaintiff did not exhaust this claim.

///

3

In response to defendants' evidence that he did not exhaust through the third and final formal level any grievance involving a claim even remotely similar to the one pursued here (access to the courts), petitioner contends that his grievance carrying log number PBSP 04-00248 was sufficient to exhaust. This is the grievance that the two defendants here allegedly did not handle properly, causing him not to receive his legal papers back in time to use them in his habeas case. However, a review of the grievance, responses, and the record establishes that plaintiff did not ever say that the property he wanted to retrieve included legal papers, or that he needed it to adequately litigate a pending case. Instead, he repeatedly referred to it as "property" or "personal property." The grievance thus was not sufficient to exhaust this claim, even leaving aside the question of whether plaintiff pursued it as far as could have, because it did not present the claim advanced here – that plaintiff was without legal papers necessary for a pending case. Moreover, it does not appear from the record that plaintiff exhausted even the insufficient claim through the third and final formal level of administrative review. Accordingly, defendants have established that plaintiff did not exhaust his administrative remedies.

## CONCLUSION

The motion to dismiss (document number 16 on the docket) is **GRANTED**. The clerk shall terminate all pending motions as moot and close the case.

**IT IS SO ORDERED.**

Dated: August 14, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.06\BROWN597.MDSMSS.wpd

4